United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

RUDOLPH HERRERA MORALEZ,

    Plaintiff,

v.

KEVIN R. CHAPPELL,

    Defendants.

_____/

No. C 15-2457 NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Dkt. No. 15

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). The court dismissed Plaintiff's amended complaint with leave to amend and plaintiff has filed a second amended complaint. (Docs. 12 & 15.)

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**B.      Legal Claims**

Plaintiff states that he was denied access to educational programs due to his learning disability and his inmate grievances were improperly denied.

Title II of the ADA "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 213 (1998).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: he is a "qualified individual with a disability"; he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and such exclusion,

1  denial of benefits, or discrimination was by reason of his disability. *McGary v. City of*
2  *Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

3  Plaintiff may bring a claim under Title II of the ADA against state entities for
4  injunctive relief and damages. *See Phiffer v. Columbia River Correctional Institute*, 384
5  F.3d 791, 792 (9th Cir. 2004). The standard for recovery of damages is deliberate
6  indifference to plaintiff's rights under the ADA. *Duvall v. County of Kitsap,* 260 F.3d 1124,
7  1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a
8  federally protected right is substantially likely, and a failure to act upon that likelihood." Id.
9  at 1139.

10  Plaintiff argues that he was denied a one-on-one tutor and as a result he was unable
11  to pass a a entrance exam to take courses with Coastline College. In the prior complaint,
12  plaintiff only sough compensatory and punitive damages. Docket No. 10 at 5. He was
13  informed that to obtain damages he must demonstrate deliberate indifference. The
14  complaint was dismissed with leave to amend to demonstrate deliberate indifference. In
15  the second amended complaint plaintiff has presented sufficient allegations for this claim to
16  proceed.

17  However, plaintiff is not clear about the relief he seeks. For relief, he states: "(1)
18  Find Plaintiff meets Title V learning disability criteria; (2) Find defendants excluded Plaintiff
19  from the academic program based on his disability; (3) Find defendants purposely blocked
20  Plaintiff's access to the CDCR appeal grievance process; (4) Find Plaintiff has stated a
21  claim that entitles him to relief; (5) Order Defendants to answer the complaint." Docket No.
22  15 at 3. While plaintiff does not specify the type of relief he seeks, he does allege that
23  defendants demonstrated deliberate indifference, which would appear to be a reference to
24  plaintiff seeking money damages.[1] The complaint will be dismissed with leave to amend for
25  plaintiff to specifically identify the relief he seeks.

---

[1] Plaintiff has not sought injunctive relief in any of the complaints, but the court does not want to misconstrue the relief that plaintiff seeks.

3

Moreover, plaintiff names several defendants in their individual and official capacities. Plaintiff is informed that the proper defendant for a claim under Title II of the ADA is the public entity responsible for the alleged discrimination. *See Everson v. Leis*, 556 F.3d 484, 501 & n.7 (6th Cir. 2009) (collecting cases). *But cf.Eason v. Clark County School Dist.*, 303 F.3d 1137, 1145–45 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. *Everson*, 556 F.3d at 501. A plaintiff also cannot assert a claim under § 1983 against defendants in their individual capacities to vindicate rights created by the ADA. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Plaintiff has named Warden Davis in his official capacity which is sufficient. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (suit against a person in his official capacity is considered to be a suit against the entity of which the officer is an agent). The remaining defendants are not proper in this action and are dismissed.[2]

## CONCLUSION

1. The second amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The third amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words THIRD AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the

---

[2] Plaintiff's claim regarding the denial of his inmate grievances is dismissed with prejudice because there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

4

court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 17, 2016.

NANDOR J. VADAS
United States Magistrate Judge

United States District Court
For the Northern District of California