UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

| | |
|---|---|
| RUDOLPH HERRERA MORALEZ,<br>　　　　Plaintiff,<br>　v.<br>KEVIN CHAPPELL,<br>　　　　Defendant. | Case No.  15-cv-2457-NJV (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Dkt. No. 27 |

　　　　Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983.  The court ordered service on plaintiff's ADA claim but denied several other claims including plaintiff's claim that prison officials blocked his access to the inmate grievance system.  (Doc. 24.)  Plaintiff has filed a motion for reconsideration of the denial of this claim.  (Doc. 27.)

　　　　The Federal Rules of Civil Procedure do not provide for "Motions for Reconsideration"; such motions are created by local rules or practice.

　　　　In the Northern District of California, Civil Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment.  *See* Civil L.R. 7-9(a).  No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court.  *See* Civil L.R. 7-9(a).  The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a

manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). Unless otherwise ordered by the court, no response need be filed to a motion under the Local Rule. *See* Civil L.R. 7-9(c).

This claim was denied because there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff has failed to demonstrate any material difference in law or fact related to this claim. Plaintiff also includes with the motion for reconsideration copies of his inmate grievances. Plaintiff successfully appealed the claim in this action through all levels of the inmate grievance system and to third and final level of review. Docket No. 27 at 16-17. The prison official noted that plaintiff had successfully exhausted this claim. *Id*. at 17. Thus, plaintiff's was not denied access to the inmate grievance system. Plaintiff's motion for reconsideration (Docket No. 27) is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 24, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge