1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8

9

RUDOLPH HERRERA MORALEZ,

Plaintiff,

Case No. 15-cv-02457-WHO (PR)

10

v.

11

RON DAVIS,

**DENYING MOTION FOR THE
APPOINTMENT OF COUNSEL**

12

Dkt. No. 29

Defendant.

13

14

15      Plaintiff Rudolph Moralez moves for the appointment of counsel to represent him in

16   this civil rights action.  (Dkt. No. 39.)  He alleges that he has a learning disability and has

17   been able to file this motion only through the assistance of another inmate.  He also asserts

18   that he will be better served if counsel is appointed.  His prior motion for the appointment

19   of counsel (Dkt. No. 22) was denied.  (Dkt. No. 24.)

20      The decision to request counsel to represent an indigent litigant under 28 U.S.C.

21   § 1915 is within "the sound discretion of the trial court and is granted only in exceptional

22   circumstances."  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of

23   "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's

24   success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro

25   se in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections

26   Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Neither the need for discovery,

27   nor the fact that the pro se litigant would be better served with the assistance of counsel,

28   necessarily qualify the issues involved as complex.  *See Rand v. Rowland*, 113 F.3d 1520,

United States District Court
Northern District of California

1525 (9th Cir. 1997).

In the Ninth Circuit, roughly one-third of new civil litigants in district court are not represented by counsel. United States Courts for the Ninth Circuit, 2014 Annual Report 39 (2015), available at http://www.ce9.uscourts.gov/publications/AnnualReport2014.pdf. Most, but by no means all, of these litigants are incarcerated. There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice, and the high percentage of civil litigants who cannot afford one threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands. That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

At least at this stage of the proceedings, Moralez has not shown that exceptional circumstances exist. Many of the reasons he lists for appointment of counsel, such as that he would be better served by counsel, are all too common circumstances for prisoner-plaintiffs. Furthermore, Moralez has ably prosecuted his action thus far. He has been able to file with the Court <u>many</u> articulate, reasoned motions (including the present motion for the appointment of counsel) and other documents (such as several amended complaints) and to respond adequately to the defendants' filings.

Accordingly, Moralez's motion to appoint counsel is DENIED. When I review a motion for summary judgment in these cases, and can evaluate Moralez's likelihood of success on the merits, I will reconsider the necessity of appointing counsel.

The Clerk shall terminate Dkt. No. 29.

**IT IS SO ORDERED.**

**Dated:** September 22, 2016

WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

2